# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GMA, INC., | Civil Action No. 2:22-cv-551 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| 2007 SIFT TRUST, SACKS FAMILY OFFICE TRUST f/k/a SHIM SACKS FAMILY LEGACY TRUST DATED OCTOBER 20, 2014, and PHYSICIAN HELPERS LLC, | |
| Defendants. | |

## COMPLAINT

Plaintiff GMA Inc., by and through its attorneys, files this complaint against Defendants 2007 SIFT Trust, Sacks Family Office Trust f/k/a Shim Sacks Family Legacy Trust Dated October 20, 2014, and Physicians Helpers LLC, and alleges as follows:

## INTRODUCTION

1. In this lawsuit, Plaintiff GMA, Inc., a Barbados international business company, seeks to recover millions of dollars in principal and interest that are outstanding, due, and owed to it by two Pennsylvania trusts—the 2007 SIFT Trust and the Sacks Family Office Trust—and by a Pennsylvania limited liability company, Physicians Helpers, LLC.

## PARTIES

2. Plaintiff GMA, Inc. ("GMA") is a Barbados international business company. GMA was incorporated and maintains its principal place of business in Barbados.

3. Defendant 2007 SIFT Trust ("SIFT") is a Pennsylvania trust.

4. Defendant Sacks Family Office Trust ("SFOT"), formerly known as the Shim Sacks Family Legacy Trust Dated October 20, 2014, is a Pennsylvania trust.

5. Defendant Physician Helpers LLC ("Physician Helpers") is a Pennsylvania limited-liability company that upon information and belief has an address of 1164 Broadway Ave, Second Floor, East McKeesport, Allegheny County, Pennsylvania, 15035.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a).

7. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of a State (the Commonwealth of Pennsylvania) and citizens or subjects of a foreign state (Barbados).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. SIFT and SFOT are both Pennsylvania trusts subject to this Court's personal jurisdiction. The grantor of both trusts, Meir Sacks, has resided at all relevant times, and currently resides, in Pittsburgh, Pennsylvania. Additionally, Physician Helpers is a Pennsylvania limited-liability company and is subject to this Court's personal jurisdiction.

## THE SIFT PROMISSORY NOTE

10. SIFT, a Pennsylvania trust, executed and delivered in favor of GMA is a revolving promissory note effective as of September 15, 2014, in the principal sum not to exceed $5,000,000 (the "SIFT Note").

11. A true and accurate copy of the SIFT Note is attached to this Complaint as Exhibit A.

12. The SIFT Note specifies that interest is calculated at a "per annum rate equal to six percent (6%)." According to the express terms of the SIFT Note, "[i]nterest shall accrue daily on the unpaid principal amount of this Promissory Note and will be calculated on the basis of a 365-day year and the actual number of days elapsed by multiplying the unpaid principal amount by the interest rate, multiplying the product thereof by the actual number of days elapsed and dividing the product so obtained by 365." *See* SIFT Note at 1 (Exhibit A).

13. The SIFT Note's original maturity date, on which the outstanding principal balance and all accrued interest must be paid back in full, was March 2, 2017. *See* SIFT Note at 1 (Exhibit A).

14. The maturity date was automatically extendable in 5-year increments if GMA did not provide notice on or before the third business day prior to the maturity date demanding payment. The relevant section of the SIFT Note states that "unless Holder provides notice on or prior to the third (3rd) business day prior to March 2, 2017, or any future maturity date that is extended under this provision, demanding payment on such date, the maturity date shall be extended automatically for an additional five (5) years." *See* SIFT Note at 1 (Exhibit "A").

15. GMA did not provide notice to SIFT on or before the third business day prior to the March 2, 2017 maturity date demanding payment. The maturity date was therefore automatically extended until March 2, 2022.

16. On February 23, 2022, counsel for GMA sent a letter to SIFT in which GMA demanded payment in full of all outstanding principal and interest under the SIFT Note on the March 2, 2022 maturity date.

17. A true an accurate copy of the February 23, 2022 letter from GMA's counsel is attached to this Complaint as Exhibit B.

18. As of April 11, 2022, SIFT's outstanding balance under the SIFT Note was $1,400,781, consisting of $1,340,000 in outstanding principal and $60,781 in accrued interest.

19. As of the date of this Complaint, SIFT has not paid GMA the outstanding principal and accrued interest due under the SIFT Note.

20. SIFT currently is in breach of its obligations to GMA under the SIFT Note.

21. The SIFT Note states that the borrower "promises to pay all costs and expenses of collection of this Promissory Note and to pay all reasonable attorneys' fees incurred in such collection, whether or not there is a suit or action, or in any suit or action to collect this Promissory Note or in any appeal thereof." *See* SIFT Note at 3 (Exhibit "A").

22. The SIFT Note is governed by the law of the Commonwealth of Pennsylvania without regard to conflict of law principles. *See* SIFT Note at 3 (Exhibit "A").

## THE SFOT PROMISSORY NOTE

23. GMA USA LLC ("GMA USA"), a Pennsylvania limited liability company, executed and delivered in favor of GMA a revolving promissory note effective as of September 15, 2014, in the principal sum not to exceed $20,000,000 (the "SFOT Note").[1]

24. A true and accurate copy of the SFOT Note is attached to this Complaint as Exhibit C.

25. The SFOT Note specifies that interest is calculated at a "per annum rate equal to thirteen and one-half percent (13.5%)." According to the express terms of the SFOT Note, "[i]nterest shall accrue daily on the unpaid principal amount of this Promissory Note and will be calculated on the basis of a 365-day year and the actual number of days elapsed by multiplying the unpaid principal amount by the interest rate, multiplying the

---

[1] GMA refers to this note as the "SFOT Note" because, as discussed in the paragraphs that follow, SFOT assumed the note on October 20, 2014.

product thereof by the actual number of days elapsed and dividing the product so obtained by 365." *See* SFOT Note at 1 (Exhibit C).

26. Also on September 15, 2014, GMA USA and GMA executed a Consolidation of Note Agreement (the "Consolidation of Note Agreement").

27. A true and accurate copy of the Consolidation of Note Agreement is attached to this Complaint as Exhibit D.

28. In the Consolidation of Note Agreement, GMA USA and GMA agreed that the total advances from and principal balance of the SFOT Note as of September 15, 2014 was $5,761,291.22. *See* Consolidation of Note Agreement at 2 (Exhibit D).

29. On October 20, 2014, GMA USA and the SFOT Trust executed an Assignment and Assumption Agreement concerning the SFOT Note (the "Assignment and Assumption Agreement").

30. A true and accurate copy of the Assignment and Assumption Agreement is attached to this Complaint as Exhibit E.

31. Pursuant to the Assignment and Assumption Agreement, GMA USA assigned, transferred, set over, and delivered to SFOT all of GMA USA's right, title and interest in and to the SFOT Note. *See* Assignment and Assumption Agreement, ¶ 2 (Exhibit E)

32. SFOT, in turn, accepted and assumed from GMA USA, all of GMA USA's duties and obligations under the SFOT Note. *See* Assignment and Assumption Agreement, ¶ 3 (Exhibit E)

33. SFOT expressly assumed and agreed to make (a) the payment of all principal draws, accrued interest and fees outstanding under the terms of the SFOT Note as of the date of the Assignment and Assumption Agreement, and (b) all future payments arising under the terms of the Promissory Note from and after the date of the Assignment and Assumption Agreement. *See* Assignment and Assumption Agreement, ¶ 3 (Exhibit E).

34. GMA USA and SFOT agreed that the Assignment and Assumption Agreement is governed by the laws of the Commonwealth of Pennsylvania, without giving effect to conflict of law principles. *See* Assignment and Assumption Agreement, ¶ 13 (Exhibit E).

35. The SFOT Note's original maturity date, on which the outstanding principal balance and all accrued interest must be paid back in full, was March 2, 2017. *See* SFOT Note at 1 (Exhibit C).

36. The SFOT Note's maturity date was automatically extendable in 60-day increments if GMA did not provide notice on or before the third business day prior to the maturity date demanding payment. The relevant section of the SFOT Note states that "unless Holder provides notice on or prior to the third (3rd) business day prior to March 2, 2017, or any future maturity date that is extended under this provision, demanding payment on such date, the maturity date shall be extended automatically for an additional sixty (60) days." *See* SFOT Note at 1 (Exhibit C).

37. GMA did not provide notice to SFOT on or before the third business day prior to the March 2, 2017 maturity date demanding payment.

38. The maturity date of the SFOT Note was therefore automatically extended by sixty (60) days, and continued to be automatically extended by sixty (60) day increments, through April 5, 2022.

39. On March 30, 2022, counsel for GMA sent a letter to SFOT in which GMA demanded payment in full of all outstanding principal and interest under the SFOT Note on the April 5, 2022 maturity date.

40. A true an accurate copy of the March 30, 2022 letter from GMA's counsel is attached to this Complaint as Exhibit F.

41. As of April 11, 2022, SFOT's outstanding balance under the SFOT Note was $12,489,746, consisting of $9,655,905 in outstanding principal and $2,833,841 in accrued interest.

42. As of the date of this Complaint, SFOT has not paid GMA the outstanding principal and accrued interest due under the SFOT Note.

43. SFOT is in breach of its obligations to GMA under the SFOT Note.

44. The SFOT Note states that the borrower "promises to pay all costs and expenses of collection of this Promissory Note and to pay all reasonable attorneys' fees incurred in such collection, whether or not there is a suit or action, or in any suit or action to collect this Promissory Note or in any appeal thereof." *See* SFOT Note at 3 (Exhibit C).

45. The SFOT Notes is governed by the law of the Commonwealth of Pennsylvania without regard to conflict of law principles. *See* SFOT Note at 3 (Exhibit C).

## THE PHYSICIAN HELPERS PROMISSORY NOTE

46. Physician Helpers, a Pennsylvania limited-liability company, executed and delivered in favor of GMA a revolving promissory note effective as of July 20, 2016, in the principal sum not to exceed $2,000,000 (the "Physician Helpers Note").

47. A true and accurate copy of the Physician Helpers Note is attached to this Complaint as Exhibit G.

48. The Physician Helpers Note specifies that interest is calculated at a "per annum rate equal to Fifteen percent (15%)." According to the express terms of the Physician Helpers Note, "[i]nterest shall accrue daily on the unpaid principal amount of this Promissory Note and will be calculated on the basis of a 365-day year and the actual number of days elapsed by multiplying the unpaid principal amount by the interest rate, multiplying the product thereof by the actual number of days elapsed and dividing the product so obtained by 365." *See* Physician Helpers Note at 1 (Exhibit G).

49. The Physician Helpers Note's maturity date, on which the outstanding principal balance and all accrued interest must be paid back in full, was July 20, 2021. *See* Physician Helpers Note at 1 (Exhibit G).

50. As of April 11, 2022, Physician Helpers' outstanding balance under the Physician Helpers Note was $254,222, consisting of $160,500 in outstanding principal and $93,722 in accrued interest.

51. As of the date of this Complaint, Physician Helpers has not paid GMA the outstanding principal and accrued interest due under the Physician Helpers Note.

52. Physician Helpers currently is in breach of its obligations to GMA under the Physician Helpers Note.

53. The Physician Helpers Note states that the borrower "waives presentment, demand, notice of dishonor, protests and all other notices whatever." *See* Physician Helpers Note at 3 (Exhibit G).

54. The Physician Helpers Note states that the borrower "promises to pay all costs and expenses of collection of this Promissory Note and to pay all reasonable attorneys' fees incurred in such collection, whether or not there is a suit or action, or in any suit or action to collect this Promissory Note or in any appeal thereof." *See* Physician Helpers Note at 3 (Exhibit G).

55. The Physician Helpers Note is governed by the law of the Commonwealth of Pennsylvania without regard to conflict of law principles. *See* Physician Helpers Note at 3 (Exhibit G).

### COUNT I (BREACH OF PROMISSORY NOTE – SIFT)

56. GMA repeats the allegations in the preceding paragraphs of this Complaint, as if fully set forth herein.

57. The amount of $1,340,000 in principal and $60,781 in interest is presently due and payable under the SIFT Note.

58. The time for payment of the SIFT Note has passed.

59. GMA has made demand upon SIFT for prompt payment of all amounts due under the SIFT Note, but SIFT has failed and refused to pay such amounts.

60. GMA has been damaged as a result of SIFT's failure to pay the SIFT Note as agreed.

61. It has been, and is, necessary for GMA to institute this action for collection of the amounts due under the SIFT Note and GMA has been compelled to and has employed counsel to demand payment of the SIFT Note and institute and prosecute this action. GMA is entitled to reasonable attorneys' fees for services of said attorneys.

62. GMA prays that this Court enter judgment in GMA's favor and against SIFT in the amount of $1,340,000 in principal and $60,781 in interest through April 11, 2022, plus interest at the rate called for in the SIFT Note to the date of judgment, plus reasonable attorneys' fees and costs.

## COUNT II (BREACH OF PROMISSORY NOTE – SFOT)

63. GMA repeats the allegations in the preceding paragraphs of this Complaint, as if fully set forth herein.

64. The amount of $9,655,905 in principal and $2,833,841 in interest is presently due and payable under the SFOT Note.

65. The time for payment of the SFOT Note has passed.

66. GMA has made demand upon SFOT for prompt payment of all amounts due under the SFOT Note, but SFOT has failed and refused to pay such amounts.

67. GMA has been damaged as a result of SFOT's failure to pay the SFOT Note as agreed.

68. It has been, and is, necessary for GMA to institute this action for collection of the amounts due under the SFOT Note and GMA has been compelled to and has employed counsel to demand payment of the SFOT Note and institute and prosecute this action. GMA is entitled to reasonable attorneys' fees for services of said attorneys.

69. GMA prays that this Court enter judgment in GMA's favor and against SFOT in the amount of $9,655,905 in principal and $2,833,841 in interest through April 11, 2022, plus interest at the rate called for in the SFOT Note to the date of judgment, plus reasonable attorneys' fees and costs.

### COUNT III (BREACH OF PROMISSORY NOTE – PHYSICIAN HELPERS)

70. GMA repeats the allegations in the preceding paragraphs of this Complaint, as if fully set forth herein.

71. The amount of $160,500 in principal and $93,722 in interest is presently due and payable under the Physician Helpers Note.

72. The time for payment of the Physician Helpers Note has passed.

73. As of the date of this Complaint, Physician Helpers has not paid GMA the outstanding principal and accrued interest due under the Physician Helpers Note.

74. GMA has been damaged as a result of Physician Helpers failure to pay the Physician Helpers Note as agreed.

75. It has been, and is, necessary for GMA to institute this action for collection of the amounts due under the Physician Helpers Note and GMA has been compelled to and has employed counsel to institute and prosecute this action. GMA is entitled to reasonable attorneys' fees for services of said attorneys.

76. GMA prays that this Court enter judgment in GMA's favor and against Physician Helpers in the amount of $160,500 in principal and $93,722 in interest through the

Physician Helpers Note's maturity date, plus interest at the rate called for in the Physician Helpers Note to the date of judgment, plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

77. GMA demands judgment against the defendants as follows:

    (a) GMA prays that this Court enter judgment in GMA's favor and against SIFT in the amount of $1,340,000 in principal and $60,781 in interest through April 11, 2022, plus interest at the rate called for in the SIFT Note to the date of judgment, plus reasonable attorneys' fees and costs, plus such other, further, and different relief in favor of GMA that this Court deems just and proper; and

    (b) GMA prays that this Court enter judgment in GMA's favor and against SFOT in the amount of $9,655,905 in principal and $2,833,841 in interest through April 11, 2022, plus interest at the rate called for in the SFOT Note to the date of judgment, plus reasonable attorneys' fees and costs, plus such other, further, and different relief in favor of GMA that this Court deems just and proper; and

    (c) GMA prays that this Court enter judgment in GMA's favor and against Physician Helpers in the amount of $160,500 in principal and $93,722 in interest through April 11, 2022, plus interest at the rate called for in the Physician Helpers Note to the date of judgment, plus reasonable attorneys' fees and costs, plus such other, further, and different relief in favor of GMA that this Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

_/s/ Robert H.C. Ralston_   April 12, 2022

Samuel H. Simon
PA. I.D. 85503
ssimon@hh-law.com
Robert H.C. Ralston
PA. I.D. 89140
ralstonrhc@hh-law.com
Erik M. Bergenthal
PA. I.D. 317978
bergenthalem@hh-law.com
HOUSTON HARBAUGH P.C.
401 Liberty Avenue, 22nd Floor
Pittsburgh, Pennsylvania 15222
412-281-5060
*Attorneys for GMA, Inc.*